PEOPLE, PLAINTIFF AND APPELLEE, *v.* PÉREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 1169.—Decided June 14, 1917.

ASSAULT AND BATTERY—JURISDICTION—FELONY—APPEAL.—A municipal court has no jurisdiction of a complaint charging a felony; therefore the district court has no jurisdiction of such a case on appeal.

ID.—ID.—MISDEMEANOR—FELONY—MAYHEM—INFORMATION—TRIAL BY JURY.—Although the judgment of the municipal court may be for the misdemeanor of aggravated assault and battery, if the complaint charges the felony of mayhem it gives no jurisdiction to the district court on appeal, for while in a crime of this kind the accused may be convicted of simple assault and battery or aggravated assault and battery, according to section 286 of the Code of Criminal Procedure, as amended by Act No. 22 of March 11, 1913,

such privilege was given to the court having original jurisdiction of the crime of mayhem to be based on the result of the evidence, and that is the district court, in which an information is laid by the district attorney and the accused given the right to a trial by jury.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

A complaint was filed in the Municipal Court of Carolina reading, in so far as pertinent, as follows:

"I, Ramón Agüero, D. C. I. P., of age and residing at Marina Street, Carolina, P. R., charge Isaías Pérez with the commission of the crime of mayhem in violation of section 212 of the Penal Code, in that on September 19, 1916, in the ward of San Antón of the Municipal Judicial District of Carolina, forming part of the District of San Juan, P. R., the said defendant unlawfully, maliciously, wilfully and criminally and with intent to inflict great bodily injury, assaulted the individual Dámaso Díaz with a cane-knife, causing a wound in the upper lip and another in the left hand, mutilating a finger. This act is contrary to the form, efficacy and purpose of the law in such case made and provided and against the peace and dignity of The People of Porto Rico. R. Agüero, complainant."

After trial and conviction of the crime of aggravated assault and battery the defendant appealed to the District Court of San Juan, Section 2, and at the beginning of the trial *de novo* the district attorney moved the court to reduce the degree of the crime charged to aggravated assault and battery. The ruling of the court on that motion does not appear in the transcript of the record, but the trial was had and the court rendered judgment also convicting the defendant of aggravated assault and battery. From that judgment Isaías Pérez appealed to this court.

There is no doubt that the Municipal Court of Carolina had no jurisdiction of a complaint charging the crime of mayhem, a felony, because section 4 of the Act of March 10, 1904, enacted for the purpose of reorganizing the judiciary

and for other purposes, does not give it such jurisdiction; therefore the district court was also without jurisdiction to review a case on appeal over which the municipal court had no jurisdiction. 12 Cyc. 797, 2 R. C. L. 34.

It is true that the municipal court convicted the defendant of a misdemeanor, but this fact does not confer jurisdiction upon the district court, for although the defendant may be convicted of simple or aggravated assault and battery in a prosecution for mayhem, according to section 286 of the Code of Criminal Procedure as amended by Act No. 22 of March 11, 1913, this power is conferred upon the court having jurisdiction in cases of mayhem when the result of the evidence warrants it; but the municipal court has no such power, because it has no jurisdiction to try a case of felony like mayhem. Moreover, by virtue of the appeal the judgment of the municipal court became ineffective and the district court, in trying the case *de novo*, proceeded on the same complaint charging mayhem, a felony, that had been filed in the municipal court, which complaint had not been presented and sworn to by a district attorney, as required by law, a necessary requisite to enable it to try the said case of felony; nor could the fact that the district attorney moved to reduce the charge to one of aggravated assault and battery serve to confer jurisdiction, inasmuch as the facts laid in the complaint and charging a felony remained and required an information by the district attorney, and also gave the defendant the right to be tried by a jury, of which he was deprived by the motion of the district attorney and the action of the district court.

For the foregoing reasons the judgment appealed from should be reversed and the district court instructed to render another setting aside that of the Municipal Court of Carolina.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.